UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

ICON EV, LLC, a Florida limited liability company
    Plaintiff,

vs.    Case No.:

SUN AND FUN DAYS INC., a Florida corporation
d/b/a PRIME GOLF CARS
    Defendant.
_____/

## **PLAINTIFF'S COMPLAINT – INJUNCTIVE RELIEF SOUGHT**

Plaintiff, ICON EV, LLC, a Florida limited liability company ("*Plaintiff*"), through its undersigned attorneys, hereby sues Defendant, SUN AND FUN DAYS INC., a Florida corporation doing business as PRIME GOLF CARS ("*Defendant*"), and alleges as follows:

### *Parties, Venue, and Jurisdiction*

1. Plaintiff is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

2. Defendant is a Florida corporation doing business under the registered fictitious name of Prime Golf Cars.

3. Defendant's principal place of business is in Palm Beach County, Florida. Defendant regularly conducts business within that County.

4. Plaintiff seeks injunctive relief and damages for trademark infringement and unfair competition, among other claims, against Defendant.

5. This Court has original jurisdiction over Plaintiff's claims for violation of the Lanham Act and other federal laws pursuant to 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims (including Florida's Unfair and Deceptive Trade Practices Act) pursuant to 28 U.S.C. § 1367(a) because the state claims are so related to the federal claims that they form part of the same case or controversy.

7. Venue is proper in the Southern District of Florida pursuant to 28 USC §1391.

8. Plaintiff has hired the undersigned attorneys to pursue this action and has agreed to pay said attorneys a reasonable fee for their services rendered herein.

9. All conditions precedent to bringing this action have occurred, have been met, or have been waived by Defendant.

### *General Allegations*

10. ICON electric vehicles are high quality custom vehicles.

11. Plaintiff is the exclusive manufacturer of ICON electric vehicles.

12. Therefore, new ICON electric vehicles may only be sold by exclusive dealers approved by Plaintiff.

13. Plaintiff also owns the registered trademark name "ICON".

14. Plaintiff registered the trademark name "ICON" on or about 2017 for use in connection with low-speed electric vehicles/motorized golf carts (the *"Mark"*). A true and correct copy of Plaintiff's registration certificate for the ICON trademark is attached hereto as **Exhibit "1."**

15. As a result of the effort, time, and resources devoted to promoting the ICON electric vehicle brand, Plaintiff has valuable goodwill in the Mark.

16. Defendant is a golf cart dealer who began conducting business with Plaintiff on January 8, 2019, through the purchase of five of Plaintiff's new ICON vehicles.

17. On or about January 31, 2019, Plaintiff terminated its business relationship with Defendant.

18. Further, Plaintiff did not consent to Defendant's use of the Mark in advertisements.

19. In spite of Plaintiff's termination of its business relationship with Defendant, Defendant continued to advertise and misrepresent that it was an authorized dealer of new ICON electric vehicles/golf carts and made additional misleading advertisements regarding its affiliation with ICON throughout 2019 and 2020.

20. On or about September 1, 2020, Plaintiff sent Defendant a cease and desist letter demanding that Defendant cease using the Mark in its advertisements and misleading consumers by misrepresenting that Defendant was an authorized dealer of new ICON vehicles.

21. However, Defendant continues to improperly use Plaintiff's Mark in its advertisements and social media pages and advertise as an authorized ICON dealer.

22. Defendant's current website and social media pages include several misleading and false statements regarding its affiliation with Plaintiff and its ability to sell new ICON vehicles.

23. For example, as of the date of filing this Complaint, Defendant owns or operates the website domain "IconGolfcart.net" (the "*Website*") to advertise its sale of golf carts. The name of the Defendant's Website itself is misleading and targets consumers that are affiliated with the ICON brand and Plaintiff. A copy of the home page of the Website is attached hereto as **Exhibit "2."**

24. Even though Defendant is not an authorized dealer, its Website's home page falsely states otherwise. Specifically, the Website states "WELCOME TO PRIME GOLF CARS YOUR PREMERE [sic] SOUTH FLORIDA ICON DEALER."

25. Defendant's home page on the Website also displays in large bold lettering the Mark and logo without Plaintiff's consent.

26. The Website includes several photographs of ICON vehicles with the ICON logo on the vehicle prominently displayed.

27. Defendant's Website further states that Plaintiff provides a manufacturer limited warranty on each golf cart sold by Plaintiff or any of its authorized dealers or distributors. This statement is false and misleading to consumers because Defendant is not an authorized dealer.

28. Defendant's Website provides a link directly to its Facebook page. Defendant owns or operates the Facebook page for "@IconGolfcart."

29. Defendant also utilizes the Mark and logo on its Facebook page without Plaintiff's consent and again misrepresents it is an "ICON dealer."

22. Plaintiff did not consent for Defendant to utilize the Mark in any advertisements or on its Website.

23. Defendant is perpetrating a scheme to defraud, confuse or mislead consumers by appearing to be endorsed or affiliated with, and an authorized dealer of, ICON electric vehicles.

24. The Website and other advertisements utilized by Defendant are likely to confuse and mislead consumers into believing that Defendant is authorized, sponsored, endorsed or otherwise affiliated with Plaintiff and/or an authorized dealer of new ICON vehicles.

25. Specifically, Defendant's use of the Mark, statements that it is an authorized ICON dealer, use of the website name ""IconGolfcart.net", and/or use of the Facebook name "@IconGolfCart is likely to mislead consumers by giving the false impression that Plaintiff is associated or affiliated with Defendant, when it is not.

26. Defendant's acts herein are likely to cause consumer confusion as to the source or origin of its services or products.

27. At all relevant times, Defendant was aware that their acts herein were likely to mislead and confuse consumers.

28. At all relevant times, Defendant was aware that it was not authorized to use the Mark.

29. Defendant intentionally continues to use the Mark and advertises as an ICON dealer to profit from the ICON brand and name.

30. Defendant intentionally continues to use the Mark and advertises as an ICON dealer to mislead and/or confuse consumers into believing that Defendant is affiliated with, authorized by, or sponsored by Plaintiff.

31. Plaintiff will suffer irreparable harm if Defendant is not enjoined from using the Mark and misleading consumers into believing that Defendant is affiliated with or authorized by Plaintiff.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

32. Plaintiff realleges allegations 1 through 31 as though fully set forth herein.

33. This is an action for injunctive relief against Defendant for trademark infringement under 15 U.S.C. § 1114.

34. Plaintiff owns the registered trademark name "ICON."

35. Plaintiff also enjoys strong common law rights in the Mark by virtue of its continuous use of the Mark in U.S. Commerce as it relates to golf carts/low speed electric vehicles.

36. Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and goodwill in the ICON name.

37.  Defendant has used in commerce and advertisements, without Plaintiff's consent, the Mark and/or ICON name that is likely to cause either or both of the following: (i) confusion among consumers as to the source of Defendant's services, or (ii) a mistaken belief among consumers to the effect that there is an affiliation, connection, approval, sponsorship, or association of Plaintiff or Plaintiff's products with Defendant's services.

38.  Defendant's acts constitute infringement of the registered Mark under 15 U.S.C. § 1114.

39.  As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered irreparable damage to its trademark, business reputation and goodwill.

40.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant from engaging in further acts of infringement.

**WHEREFORE**, Plaintiff prays for relief as follows:

a.  Enter judgment in favor of Plaintiff and against Defendant.

b.  Enjoin Defendant from using the Mark.

c.  Award Plaintiff its damages sustained.

d.  Award Plaintiff the profits from Defendant's acts.

e.  Award Plaintiff attorneys' fees and costs.

<u>**COUNT II**</u>
<u>**VIOLATION OF 15 U.S.C. § 1125 (THE LANHAM ACT)**</u>

41.  Plaintiff realleges allegations 1 through 31 as though fully set forth herein.

42.  This is an action for damages and injunctive relief against Defendant pursuant to a violation The Lanham Act codified at 15 U.S.C. § 1125(a).

43.  Defendant has engaged in unfair competition with Plaintiff by making false and/or misleading representations of fact as to its services.

44. Plaintiff owns the registered trademark name "ICON".

45. Plaintiff also enjoys strong common law rights in the ICON mark by virtue of its continuous use of the marks in U.S. Commerce as it relates to golf carts/low speed electric vehicles.

46. Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and goodwill in the ICON name.

47. Defendant used the Mark in connection with its advertisements for the sale of golf carts to mislead or confuse consumers that Defendant was affiliated with or associated with Plaintiff.

48. Defendant's Website and Facebook name that incorporates "IconGolfCart" is also likely to mislead or confuse customers as to any affiliation, connection, or association with Plaintiff.

49. Defendant's statements in its advertisements that it is an ICON dealer is likely to mislead or confuse customers as to any affiliation, connection, or association with Plaintiff.

50. Defendant's conduct is willful and done with the intent to benefit from ICON's brand and the Mark.

51. The foregoing acts constitute unfair competition and false or misleading designation of origin and representations of fact in violation of 15 U.S.C. § 1125.

52. Defendant's acts have caused irreparable harm and damage to Plaintiff, and unless permanently restrained by this Court, such irreparable harm will continue.

53. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered damage to its trademark, business reputation and goodwill.

54. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant from engaging in further acts of infringement and unfair competition.

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Enter judgment in favor of Plaintiff and against Defendant.

b. Enjoin Defendant from using ICON's logo in any of its advertisements.

c. Enjoin Defendant from utilizing the domain website name "IconGolfCart.net" or the Facebook page "@IconGolfCart", as well as any other social media account used by Defendant that incorporates the Plaintiff's trademark name, and order Defendant to transfer those domain names and social media accounts to Plaintiff.

d. Award Plaintiff its damages sustained.

e. Publish Court-approved advertisements explaining to Defendant's customers of the misleading advertisements.

f. Order Defendant to pay for the court-approved advertisements to assist in undoing the harm caused by Defendant.

g. Award Plaintiff the profits from Defendant's acts in violation of The Lanham Act pursuant to 15 U.S.C. § 1117(a).

h. Award a multiple of Defendant's profits from their acts in violation of The Lanham Act pursuant to 15 U.S.C. § 1117(a).

i. Award Plaintiff attorneys' fees and costs pursuant to 15 U.S.C. §1117(a) based upon Defendant's malicious, fraudulent and deliberate acts in violation of The Lanham Act.

j. Award Plaintiff the cost of the action and for any further relief this Court finds just and proper.

## COUNT III
## VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
## 15 U.S.C. § 1125(d)

55. Plaintiff realleges allegations 1 through 31 as though fully set forth herein.

56. This is an action for damages and injunctive relief against Defendant pursuant to 15 U.S.C. § 1125(d).

57. Plaintiff owns right, title and interest in and to the ICON mark and brand, and is the owner of incontestable U.S. registration for the ICON mark. See Exhibit "1."

58. Plaintiff also uses its distinctive Mark and ICON name for its electric vehicles/golf carts.

59. Defendant registered and uses the website domain name "IconGolfCart.net."

60. The domain is identical to Plaintiff's Mark.

61. The domain is also confusingly similar to Plaintiff's Mark and the distinctive ICON electric vehicle/golf cart brand.

62. Defendant registered and/or uses the domain with the bad faith intent to profit as evidenced by, inter alia: (i) its use of the Mark in the domain in willful disregard of Plaintiff's rights; (ii) the domain consists of the ICON name along with golf carts, which is specifically associated with Plaintiff and used in the manufacture and sale of ICON high quality golf carts; (iii) Defendant's use of the domain name in connection with its offering of goods and services (including golf carts); and (iv) Defendant's intent to divert ICON consumers to its domain and harm the goodwill of Plaintiff by creating a likelihood of confusion that Plaintiff is affiliated with or endorses the Defendant.

63. Defendant committed these acts alleged herein willfully and with the intent to confuse the public and to injure Plaintiff.

64. Defendant's acts have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court such irreparable harm will continue.

65. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation and goodwill.

66. Defendant will continue to use, unless restrained, the Plaintiff's Mark and will and will cause irreparable damage to Plaintiff.

67. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant from engaging in further acts of infringement.

68. Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

69. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages that it has obtained as a result of its wrongful acts.

70. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Enter judgment in favor of Plaintiff and against Defendant.

b. Enjoin Defendant from using the domain name.

c. Enjoin Defendant from utilizing the domain website name "IconGolfCart.net" and order Defendant to transfer that domain name to Plaintiff.

d. Award Plaintiff its damages sustained.

e. Award Plaintiff the profits from Defendant's acts pursuant to 15 U.S.C. § 1117(a).

f. Award a multiple of Defendant's profits from their acts pursuant to 15 U.S.C. § 1117(a).

    g.    In the alternative, award Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(d).

    h.    Award Plaintiff attorneys' fees and costs pursuant to 15 U.S.C. §1117(a) based upon Defendant's malicious, fraudulent and deliberate acts.

    i.    Award Plaintiff the cost of the action and for any further relief this Court finds just and proper.

## COUNT IV - VIOLATION OF FLA. STAT. § 501.204
## FLORIDA'S UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

71.    Plaintiff realleges allegations 1 through 31 as though fully set forth herein.

72.    This is an action for damages and injunctive relief against Defendant pursuant to a violation of *Florida Statutes* § 501.204.

73.    The Florida Deceptive and Unfair Trade Practices Act, Chapter 501 of the Florida Statutes, (the "***Act***") provides that an aggrieved party may initiate a civil action against a party who is engaged in "unfair or deceptive acts or practices in the conduct of any trade or commerce."

74.    *Fla Stat.* §501.204(1) provides that "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." The provisions of the Act shall be construed liberally to promote the protection of the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce." *Fla. Stat.* §501.202 (2019).

75.    The following acts by Defendant were unconscionable, unfair and/or deceptive:

    a.    Defendant's use of the Mark on its Website and advertisements;

    b.    Defendant's advertisements and statements that it is an ICON dealer and/or authorized ICON dealer;

  c. Defendant's use of the website name ""IconGolfcart.net" and/or use of the Facebook name "@IconGolfCart, used to sell ICON golf carts by Defendant.

 76. Additional unconscionable, unfair and/or deceptive acts may be added as discovery continues.

 77. At all times material to this action, Defendant was engaged in "trade or commerce" as defined in Fla. Stat. § 501.203(8) when Defendant engaged in advertising, soliciting, marketing, selling, and distributing electric vehicles/golf carts.

 78. Plaintiff is an interested party pursuant to Fla. Stat. § 501.203.

 79. The unconscionable, unfair, and/or deceptive practices of Defendant caused harm to the Plaintiff.

 80. Defendant's unconscionable, unfair, and/or deceptive practices are ongoing and will continue to occur without an injunction from this Court.

 **WHEREFORE**, Plaintiff prays for relief as follows:

  a. Enter judgment in favor of Plaintiff and against Defendant.

  b. Enjoin Defendant from further violations of the Act.

  c. Enjoin Defendant from utilizing the domain website name "IconGolfCart.net" or the Facebook page "@IconGolfCart", as well as any other social media account used by Defendant that incorporates the Plaintiff's Mark, and order Defendant to transfer those domain names and social media accounts to Plaintiff.

  d. Order Defendant to pay Plaintiff's attorney's fees, and costs pursuant to Fla. Stat. § 501.2105 and § 501.2075.

  e. Award any such equitable or other relief pursuant to Fla. Stat. § 501.207.

<u>**COUNT VI: VIOLATION OF FLORIDA STATUTES CHAPTER 495**</u>

81. Plaintiff realleges allegations 1 through 31 as though fully set forth herein.

82. This is an action for damages against Defendant for violation of Florida Statute Chapter 495 for trademark infringement.

83. Plaintiff also owns the registered trademark name "ICON." See Exhibit "1."

84. Defendant used the Mark in its advertisements for the sale of electric vehicles without Plaintiff's consent.

85. Defendant's advertisements were likely to cause customer confusion, mistake and was likely to deceive customers.

86. Therefore, Defendant violated Fla. Stat. § 495.131.

87. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damages.

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Enter judgment in favor of Plaintiff and against Defendant.

b. Enjoin Defendant from using the Mark in any of its advertisements.

c. Award Plaintiff the profits Defendant derived from its wrongful acts under Fla. Stat. §495.141.

d. Award Plaintiff all damages suffered by reason of Defendant's wrongful acts.

e. Award a multiple of Plaintiff's damages as permitted by Fla. Stat. § 495.141.

f. Award Plaintiff attorneys' fees and costs pursuant to Fla. Stat. § 495.141.

g. Award Plaintiff the cost of the action and for any further relief this Court finds just and proper.

DATED this 17th day of September, 2021.

ENGLANDER FISCHER

/s/ Beatriz McConnell
DAVID S. DELRAHIM
Florida Bar No. 66368
Primary: ddelrahim@eflegal.com
Secondary: creeder@eflegal.com
**Trial Counsel**
BEATRIZ MCCONNELL
Florida Bar No. 42119
Primary: bmcconnell@eflegal.com
Secondary: tdillon@eflegal.com
KATHRYN J. COPELAND
Florida Bar No. 97856
Primary: kcopeland@eflegal.com
Secondary: creeder@eflegal.com
721 First Avenue North
St. Petersburg, Florida 33701
Telephone: (727) 898-7210
Telefax:  (727) 898-7218
*Attorneys for Plaintiff*